UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON GARDNER, PATRICIA
DURAN, and WELDON EDWARDS,

     Plaintiffs,

v.                                                                    CASE NO.: 8:09-cv-1743-T-23TBM

CONSTRUCT CORPS, LLC, SCOTT
TASHKIN, and AMILKAR CAPO,

     Defendants.

_____/


## ORDER

The plaintiffs, Sharon Gardner and Patricia Duran,[1] move (Doc. 8) to dismiss the

defendants' (collectively, "Construct Corps") counterclaim and strike the defendants'

demand for attorney's fees.  The defendants oppose (Doc. 14) the motion.

### Background

The plaintiffs sue (Doc. 1) the defendants for unpaid overtime compensation[2] and

for breach of contract.  In response, (Doc. 4) Construct Corps counterclaims for

(1) "breach of agreements" (counts one, two, and three), (2) tortious interference

(counts four and five), (3) "breach of fiduciary duties" (count six), (4) violations of the

Florida Trade Secrets Act (count seven), and (5) conversion (count eight).  In addition to

---

[1] Pursuant to 11 U.S.C. § 362, the counterclaim is automatically stayed as to Weldon Edwards pending Edwards' bankruptcy proceeding.

[2] The plaintiffs sue pursuant to the Fair Labor Standards Act, 42 U.S.C. § 202-19.

damages and injunctive relief, Construct Corps demands attorney's fees pursuant (1) to

each plaintiff's employment agreement with the defendants; (2) to the Florida Trade

Secrets Act, Chapter 688, Florida Statutes; and (3) to Section 542.335, Florida Statutes.

The plaintiffs move (1) to stay each count for "breach of agreement" pending "the

outcome of [a] parallel state court action" and (2) to dismiss every other count for failure

to state a claim.

Discussion

*1. The Economic Loss Rule*

The plaintiff argues that the "economic loss rule" bars counts four, five, and six,

which allege tortious interference[3] and "breach of fiduciary duties."  The economic loss

rule "sets forth the circumstances under which a tort action is prohibited if the only

damages suffered are economic losses."  <u>Indemnity Ins. Co. of N. Am. v. Am. Aviation</u>,

891 So. 2d 532, 536 & n.1 (Fla. 2004) (noting that "[e]conomic losses are, simply put,

disappointed economic expectations.").  "Although parties in privity of contract are

generally prohibited from recovering in tort for economic damages," an exception to the

rule permits recovery for "torts committed independently of the contract breach."  For

example, "'[f]raudulent inducement is an independent tort in that it requires proof of facts

separate and distinct from the breach of contract.'"  891 So. 2d at 537 (quoting <u>HTP,

Ltd. v. Lineas Aereas Costarricenses, S.A.</u>, 685 So. 2d 1238 (Fla. 1996)).  Additionally,

---

[3] To state a claim for tortious interference, a complaint must show "'(1) the existence of a business relationship under which the plaintiff has legal rights; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with that relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the business relationship.'"  <u>Bortell v. White Mountains Ins. Group, Ltd.</u>, 2 So. 3d 1041, 1048 (Fla. 4th DCA 2009) (quoting <u>N. Am. Van Lines, Inc. v. Ferguson Transp., Inc.</u>, 639 So. 2d 32, 33 (Fla. 4th DCA 1994)).

"[i]ntentional tort claims such as fraud, conversion, intentional interference, civil theft, abuse of process, and other torts requiring proof of intent" are actionable even if the parties are in privity of contract.  891 So. 2d at 543 n.3; see also Moransais v. Heathman, 744 So. 2d 973, 983 (Fla. 1999) (finding that the economic loss rule is no bar to "well-established common law causes of action, such as those for neglect in providing professional services . . . ."); Invo Fla., Inc. v. Somerset Venturer, Inc., 751 So. 2d 1263, 1266-67 (Fla. 3d DCA 2000) (finding that, in a case involving the "well-established" tort of breach of fiduciary duty against a director of a dissolved corporation, "the economic loss rule has not abolished the cause of action for breach of fiduciary duty, even if there is an underlying oral or written contract."); c. f. Detwiler v. Bank of Central Fla., 736 So. 2d 757, 759 (Fla. 5th DCA 1999) (finding that "[u]nder Florida law, a cause of action for breach of fiduciary duty will not lie where the claim of breach is dependent upon the existence of a contractual relationship between the parties.").

In this action, Construct Corps alleges in count four (1) that each plaintiff entered a "Noncompetition/Confidentiality Agreement" with Construct Corps; (2) that each plaintiff knew of Construct Corps's rights under each agreement, because each plaintiff entered the same agreement with Construct Corps; (3) that each plaintiff intentionally and unjustifiably interfered with an agreement, and (4) that Construct Corps incurred damages as a result of the interference.  In count five, Contruct Corps alleges that the plaintiffs intentionally and "wrongfully" interfered with Construct Corps's "advantageous business relationships with certain customers and prospective customers."  Because tortious interference is an independent tort that requires proof of facts "separate and

distinct" from the plaintiff's breach of contract, each count for tortious interference is permissible under an exception to the economic loss rule.

In count six, Construct Corps alleges that each plaintiff (1) breached the plaintiff's duty under an agreement with Construct Corps "to provide services for the exclusive benefit of [Construct Corps]" and (2) breached both the plaintiff's common law fiduciary duty and common law duty of loyalty to Construct Corps because each plaintiff "used the resources, trade secrets, confidential proprietary information, and time . . . to promote [the plaintiff's] own self[-]interest[]."  This action, however, involves neither a professional duty nor a well-established fiduciary relationship such as the relationship between a corporation and a corporate director.[4]  Rather, the breach of duty in this action is premised upon an employment agreement signed by each plaintiff. Accordingly, the economic loss rule bars count six to the extent that count six alleges breach of a fiduciary duty based on each plaintiff's breach of an agreement.

### 2. The Uniform Trade Secrets Act

In arguing for dismissal of count seven, which alleges a violation of the Uniform Trade Secrets Act,[5] the plaintiffs assert that count seven "yields only formulaic recitations and conclusory statements, which are insufficient to state a claim."  (Doc. 8) The Uniform Trade Secrets Act prohibits the misappropriation of a trade secret and defines a trade secret as "information . . . that . . . [d]erives independent economic

---

[4] See Renpak, Inc. v. Oppenheimer, 104 So. 2d 642 (Fla. 2d DCA 1958) (explaining that "[a] mere employee of a corporation ordinarily does not occupy a position of trust unless he also serves as its agent.").  The counterclaim contains no allegation that any plaintiff served as an agent of Construct Corps.

[5] Fla. Stat. §§ 688.001-009.

- 4 -

value, actual or potential, from not being generally known to, and not being readily

ascertainable by proper means by, other persons who can obtain economic value from

its disclosure or use . . . ."  Fla. Stat. § 688.002.  To state a claim, a plaintiff must show

(1) that "the plaintiff possessed secret information and took reasonable steps to protect

its secrecy" and (2) that "the secret it possessed was misappropriated."  True Title, Inc.

v. Blanchard, 2007 WL 430659, *2 (M.D. Fla. 2007) (Fawsett, J.).  In True Title, the

plaintiff stated a claim by alleging (1) that the defendant misappropriated "valuable trade

secret information" and (2) that the plaintiff had a practice of protecting the information

from disclosure.

 In count seven, Construct Corps "re[-]alleges and re[-]adopts" allegations that,

during each plaintiff's employment with Construct Corps, each plaintiff:

> learned valuable information[,] . . . which is confidential and a trade secret . .
> . such as the identity of customers and potential customers, operating
> manuals, procedures, methods, customer lists, customer terms of
> agreement, pricing structure, site analysis, computer information and
> technical systems, information sheets, which include confidential job site
> information, work compensation codes, credit information, and other
> proprietary information . . . .

(Doc. 4, ¶ 14).  Construct Corps protected the information "through various security

procedures, including password protected computers, confidentiality agreements,

employee training[,] and other company rules prohibiting disclosure."  Construct Corps

alleges that each plaintiff conspired "with various third parties," including two of

Construct Corps's competitors, to wrongfully appropriate and use the protected

information.  (Doc. 4, ¶¶ 18-27, 29-30, 31-34)  Accordingly, Construct Corps alleges

more than "formulaic recitations and conclusory statements" and states a claim under the Uniform Trade Secrets Act.

### 3. Conversion

The plaintiffs urge dismissal of count eight, which alleges conversion, because count eight "fails to allege a demand or the futility of a demand."  In opposition, Construct Corps argues that "under the circumstances alleged . . . a demand for the return of th[e] stolen information, which has already been converted, used[,] and deleted and then destroyed (in whole or in part) would be futile . . . ."

Conversion is "the possession of property 'in conjunction with a present intent on the part of the wrongdoer to deprive the person entitled to possession of the property, which may be, but is not always, shown by demand and refusal.'" Ernie Passeos, Inc. v. O'Halloran, 855 So. 2d 106, 108-09 (Fla. 2d DCA 2003); see also Shelby Mut. Ins. Co. v. Crain Press, Inc., 481 So. 2d 501, 503 (Fla. 2d DCA 1995) (explaining that "a demand and refusal are unnecessary [if] it would be futile . . . .").  In count eight, Construct Corps alleges that the plaintiffs converted "computer records, internet information[,] and confidential business information" with the intent to deprive Construct Corps of "the benefits that flow from [the] information."  Construct Corps alleges that the plaintiffs intended to sell the information to Construct Corps's competitor.  (Doc. 4, ¶¶ 81-93)  Although no allegation shows a demand by Construct Corps for return of the information, an allegation of a demand is unnecessary.  Construct Corps alleges that the plaintiffs possessed an intent to deprive Construct Corps of possession of the

information.  Additionally, because the plaintiffs allegedly engaged in a conspiracy to

convert the information, a demand for return of the information would have been futile.

### 4. The Colorado River Doctrine

The plaintiffs argue, pursuant to the "Colorado River Doctrine," for a stay of

counts one and three, which allege "breach of agreement."  "Generally, as between

state and federal courts, the rule is that 'the pendency of an action in the state court is

no bar to proceedings concerning the same matter in the Federal court having

jurisdiction . . . .'"  Colo. River Water Conservation Dist. v. United States, 424 U.S. 800,

817 (1976).  However, under truly exceptional circumstances, a federal court may

abstain "due to the presence of a concurrent state proceeding . . . ."  424 U.S. at 818.

Colorado River identified four factors to consider in deciding whether to abstain, which

factors include (1) the problem of both a federal and a state court assuming jurisdiction

over the same property, (2) the inconvenience of the federal forum, (3) the "desireability

of avoiding piecemeal litigation," and (4) the "order in which jurisdiction was obtained by

the concurrent forums. . . ."  424 U.S. at 818-19.   Moorer v. Demopolis Waterworks &

Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004), interprets Colorado River and finds that

a district court should consider the following factors:

> (1) the order in which the courts assumed jurisdiction over property; (2) the
> relative inconvenience of the fora; (3) the order in which jurisdiction was
> obtained and the relative progress of the two actions; (4) the desire to avoid
> piecemeal litigation; (5) whether federal law provides the rule of decision; and
> (6) whether the state court will adequately protect the rights of all parties.

Nonetheless, "[t]he decision whether to dismiss 'does not rest on a mechanical

checklist, but on a careful balancing of the important factors as they apply in a given

case, with the balance heavily weighted in favor of the exercise of jurisdiction.'" 374 F. 3d at 997 (quoting <u>Moses H. Cone Memorial Hosp. v. Mercury Constr. Co.</u>, 460 U.S. 1, 16 (1983)).

In this action, (1) no court assumed jurisdiction over any property, (2) both the federal and state actions are pending in Tampa, (3) a state court first obtained jurisdiction over the claims asserted in counts one and three, (4) abstention would likely avoid piecemeal litigation; and (5) state law provides the rule of decision as to the counts one and three. As to the final factor, a stay of counts one and three would both deprive the defendants of a defense to the plaintiffs' federal claim and require the defendants to rely on the outcome of state litigation for any recoupment as to the plaintiffs' federal claim. Accordingly, the balance weighs in favor of this court's exercising jurisdiction over counts one and three of the defendants' counterclaim.

### 5. Attorney's Fees

In addition to a provision in the parties' agreement (Doc. 4-1), Sections 542.335(k) and 688.005, Florida Statutes, provide for an award of attorney's fees. Because attorney's fees are available only if permitted by statute or contract, <u>see</u> <u>Atkinson v. Wal-Mart Stores, Inc.</u>, 2008 WL 2261784 (M.D. Fla. 2008) (citing <u>Italiano v. Jones Chem., Inc.</u>, 908 F. Supp. 904, 907 (M.D. Fla. 1995) and <u>Fla. Life Ins. Co. v. Fickes</u>, 613 So. 2d 501, 503 (Fla. 5th DCA 1993)), and the defendant alleges both a statutory and a contractual basis supporting an award of attorney's fees, no basis exists for striking the defendants' demand for attorney's fees.

Conclusion

Accordingly, the plaintiffs' motion (Doc. 8) is **GRANTED IN PART**.  Count six ("Breach of Fiduciary Duties and/or Duty of Loyalty") of the defendants' counterclaim (Doc. 4) is **DISMISSED**.  As to all remaining counts and the defendants' demand for attorney's fees, the plaintiffs' motion (Doc. 8) is **DENIED**.

ORDERED in Tampa, Florida, on February 1, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE