UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHARON GARDNER, PATRICIA
DURAN, and WELDON EDWARDS,

    Plaintiffs,

v.                                                CASE NO: 8:09-cv-1743-T-23TBM

CONSTRUCT CORPS, LLC, et al.,

    Defendants.
_____/

## **ORDER**

    The plaintiffs sue under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), to recover overtime compensation. In accord with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982)), the parties jointly move (Doc. 44) for approval of a settlement agreement.

    The parties state (1) that the plaintiffs are former employees of the defendants; (2) that the plaintiffs were non-exempt employees and worked in excess of forty hours a week; (3) that the defendants counterclaimed for damages in excess of $3 million for a violation of the plaintiffs' non-competition agreements, breach of fiduciary duty, tortious interference, a violation of the Florida Trade Secrets Act, and conversion; and (4) that "the resolution is a fair settlement as the [d]efendants have sought damages in their counterclaim far in excess of [the] [p]laintiffs' claims." The settlement resolves three related actions, Construct Corps, LLC v. Balance Staffing, Case No. 08-23111; Joakinn Sola v. Construct Corps, LLC, Case No. 8:08-cv-2487-T-17TGW; and Sharon Gardner

v. Construct Corps, LLC, Case No. 8:09-cv-1743-T-23TBM.  The settlement agreement (Doc. 44-1) contains an award of neither overtime wages nor attorney's fees but states that Balance Staffing, Inc. (and related entities), which currently employ the plaintiffs, shall pay the defendants $75,000.00.

Although the settlement (Doc. 44-1) contains certain elements that, in the typical FLSA settlement, are impermissible (e.g., a pervasive release and a confidentiality agreement)[1] this action involves a counterclaim that effects a substantial setoff of the FLSA claim.  Therefore, the settlement, which subsumes the plaintiffs' FLSA claim, presents an acceptable, fair, and reasonable resolution of a dispute under the FLSA.  Accordingly, the settlement (Doc. 44-1) is **APPROVED**, and this action is **DISMISSED WITH PREJUDICE**.  The plaintiffs' motions for summary judgment (Docs. 21, 33) are **DENIED AS MOOT**.  The Clerk is directed to (1) terminate any pending motion and (2) close the case.

ORDERED in Tampa, Florida, on October 28, 2010.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[1] See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227 (M.D. Fla. 2010); Moreno v. Regions Bank, __ F. Supp. 2d __, No. 8:09-cv-930-T-23TGW (M.D. Fla. Aug. 6, 2010).